IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-81466-TJM |
| | ) | |
| TIMOTHY JAMES O'NEIL, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

### **MEMORANDUM**

Hearing was held on June 25, 2007, on Debtor's Motion to Surrender Funds (Fil. #50), and a Resistance by Nebraska Workforce Development-Department of Labor ("NWD-DOL") (Fil. #52). Richard Register appeared for Debtor, Marilyn Abbott appeared for the Chapter 13 Trustee, and W. Russell Barger appeared for NWD-DOL. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(O).

### *Introduction*

The question in this case is whether it was proper for NWD-DOL to take action without court approval to recoup a pre-petition overpayment of unemployment insurance benefits from benefits that first became payable post-petition. As discussed below, I find that such recoupment was in violation of the automatic bankruptcy stay and that the recouped funds should be returned to Debtor.

The underlying facts in this case are not in dispute. Debtor received an overpayment of unemployment insurance benefits in 2002 and 2003, in the amount of $5,999.00. On August 17, 2004, Debtor was convicted of unemployment insurance fraud by the Dodge County Court and was ordered to pay restitution in the amount of $5,369.00 as part of the conviction. Debtor made restitution for some of the balance due, and was otherwise able to reduce the balance owed on the overpayment to $1,809.50 by September 2006.

Debtor subsequently filed a new claim for unemployment insurance benefits with the NWD-DOL. Prior to paying Debtor any new benefits, the NWD-DOL recouped the sum of $1,800.00 from Debtor's unemployment benefits from August through November 2006. The NWD-DOL credited the $1,800.00 recoupment against Debtor's remaining $1,809.50 overpayment balance.

Debtor points out that this bankruptcy was filed April 21, 2005. Thus, Debtor argues the overpayment of unemployment insurance benefits in 2002 and 2003, and Debtor's criminal conviction with respect thereto, were pre-petition events, and the NWD-DOL is violating the automatic bankruptcy stay by recouping the pre-petition balance due from the post-petition benefits to which Debtor became entitled. Debtor points out that NWD-DOL never sought relief from the automatic bankruptcy stay to recoup its claim against post-petition benefits.

The NWD-DOL argues that the pre-petition unemployment payments and the post-petition unemployment benefits arise from the "same transaction," that the NWD-DOL has a common-law right to recoupment codified under state law, and that recoupment is not affected by the automatic stay or discharge injunction of the Bankruptcy Code. The NWD-DOL further argues that Debtor's fraudulent activity in receiving the pre-petition overpayments weighs heavily in favor of applying the equitable doctrine of recoupment.

### *Discussion*

The United States District Court for the District of Nebraska has recently had the opportunity to address the issue of whether a pre-petition overpayment of unemployment compensation benefits may be recouped from unemployment benefits payable to a debtor after discharge. *See Lecuona v. McClinton (In re McClinton)*, Case No. 8:06CV602 (D. Neb. May 15, 2007). The District Court began by noting that the Eighth Circuit has indicated that any recoupment exception to the general bankruptcy principle that pre-petition debts may not be satisfied through post-petition transactions should be narrowly construed. *United States on Behalf of the U.S. Postal Service v. Dewey Freight Sys., Inc.*, 31 F.3d 620, 623 (8th Cir. 1994). Specifically, the District Court noted that for recoupment to apply, the pre- and post-petition obligations must arise from the same transaction. *McClinton* at 4.

In finding that the payment of unemployment benefits pre-petition and post-petition did not constitute a single transaction under the facts of the *McClinton* case, the District Court followed the guidance of the Second Circuit Court of Appeals in the case of *Malinowski v. New York State Dep't of Labor (In re Malinowski)*, 156 F.3d 131 (2nd Cir. 1998). Specifically, in describing circumstances that would exclude treatment of certain facts as arising from a single transaction, the Second Circuit in *Malinowski* stated: "When the circumstances that gave rise to the credit and those giving rise to the creditor's obligation to the debtor do not result from a set of reciprocal contractual obligations or from the same set of facts, they are not part of the same transaction." 156 F.3d at 134. In holding that recoupment was not permissible under the facts, the Second Circuit stated: "We simply cannot stretch the requirement of a single transaction, which is central to recoupment, to a lifetime government insurance scheme, which in practical application must be based upon eligibility created by a specific period of employment." *Id.* at 135.

Thus, the District Court in *McClinton* stated:

Because the unemployment system in Nebraska requires the person applying for unemployment benefits satisfy independent eligibility requirements for each period for which unemployment benefits are sought, the Court concludes that the payment of unemployment benefits to McClinton, separated in time by the filing of the petition under Chapter 7 and the discharge injunction, do not constitute a single transaction that would justify recoupment. . . . While the recipient and the payer are the same with regard to the pre-petition and post-petition payments to McClinton, separate and distinct facts support each period of unemployment benefit payments.

*McClinton* at 7-8.

In the *McClinton* case, the NWD-DOL also argued that equities favor treatment of the unemployment benefits as a single transaction. Specifically, the NWD-DOL argued that the nature of the fund from which unemployment benefits are paid should be considered as well as the debtor's conduct relative to the overpayment. The District Court rejected the proposition that the unique mechanism for funding the unemployment compensation system (through employer-paid taxes rather than employee contributions) provides an equitable basis for permitting recoupment. *McClinton* at 10. Further, the District Court noted that there was no administrative or judicial finding that McClinton acted fraudulently or willfully and, therefore, did not consider that issue. *Id.* at 10-11. Ultimately, the District Court found:

> The NWD-DOL has failed to persuade the Court that unemployment benefits paid to McClinton in 2004 and again in 2006 represent a single transaction because the federal and state system for obtaining unemployment benefits treats each period of unemployment separately for eligibility purposes and because McClinton did not act wilfully or fraudulently in obtaining the overpayment.

*Id.* at 11.

The difference between the facts of the *McClinton* case and the case at hand is that here we have a situation where the debtor *did* act fraudulently. Specifically, Debtor was criminally convicted for fraudulently obtaining unemployment benefits. Thus, this Court is left to determine whether the existence of such fraudulent conduct is enough to tip the equities in favor of treating the unemployment benefit payments as a single transaction. For several reasons, I find that it is not enough.

First, the District Court's decision in *McClinton* is quite clear.[1] Unemployment benefits must satisfy independent eligibility requirements for each period for which the benefits are sought and those "separated in time by the filing of a petition under Chapter 7 and the discharge injunction, do not constitute a single transaction that would justify recoupment." *McClinton* at 8. The benefits that were overpaid to Debtor in 2002 and 2003 simply were not part of the same transaction as those that became payable in 2006. Since the obligations do not arise from the same transaction, recoupment is not available to the NWD-DOL.

---

[1] The binding precedent rule requires that lower courts follow the holdings of their higher courts and have no discretion to rule otherwise. *Johnson v. DeSoto County Bd. of Comm'rs*, 72 F.3d 1556, 1559 n.2 (11th Cir. 1996); *In re Swanson*, 289 B.R. 372, 374 (Bankr. C.D. Ill. 2003).

Second, this case was filed in April 2005, so it is a pre-BAPCPA case. Prior to the BAPCPA amendments in 2005, fraud debts were properly dischargeable in Chapter 13 cases.[2] Therefore, the fraudulent conduct of Debtor is not a special circumstance that would compel this Court to disregard the separate transactions and allow recoupment.

Third, Debtor in this case specifically provided in his confirmed Chapter 13 plan for payment in full of the NWD-DOL claim. In the event Debtor fails to abide by his obligations under the plan, the NWD-DOL, like any other creditor, could seek relief from the automatic bankruptcy stay to proceed with its remedies outside of bankruptcy. NWD-DOL has not filed a motion seeking relief from stay.

For the foregoing reasons, this Court finds that NWD-DOL's recoupment of Debtor's pre-petition overpayment of unemployment insurance benefits against Debtor's post-petition benefits was in violation of the automatic bankruptcy stay and caused Debtor to become delinquent in making his plan payments to the Chapter 13 Trustee. Accordingly, such funds must be returned to Debtor. Debtor is, however, specifically instructed to use such funds to immediately cure any and all delinquencies under his Chapter 13 plan. Further, since NWD-DOL's actions were apparently taken in good faith at a time when the applicable law was unsettled, Debtor's request for attorneys' fees and other relief is denied.

Separate order to be entered.

DATED: June 28, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
   *Richard Register
   W. Russell Barger
   Marilyn Abbott
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2] Restitution obligations imposed as conditions of probation in state criminal actions have also been held dischargeable in pre-BAPCPA cases. *See Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552, 110 S. Ct. 2126 (1990).